Rufpin, C. J.
 

 The decree must be affirmed. For al- • though it be a general rule, that when particular legacies are payable at a future day, the legatee is not entitled to interest before the day, yet there is an established exception to that, when the gift is to an infant child, and the parent makes no other provision for his maintainance in the mean while.
 
 Crickets
 
 v.
 
 Dalby,
 
 3 Ves, 10.
 
 Chamber
 
 v. Goldwin, 11 Ves. 1.
 
 Wynch
 
 v.
 
 Wynch,
 
 1 Cox 433.
 
 Heath
 
 v.
 
 Perry,
 
 3 Atk. 101.
 
 Sheledon
 
 v.
 
 North,
 
 3 Atk. 430.
 

 But here the words plainly import an immediate gift of the whole estate, except a small pecuniary legacy, and vested it immediately in the son, but defeasible upon the contingency of his dying under 21; and in that case it is perfectly settled, that the legatee takes the profits, until the divesting of his estate by the happening of the contingency.
 
 Nicholas
 
 v.
 
 Osborne, 2
 
 P. Wms. 419.
 
 Shepherd
 
 v.
 
 Ingram,
 
 1 Arab. 448.
 
 Skey
 
 v.
 
 Barnes,
 
 3 Meriv. 340.
 
 Turner
 
 v.
 
 Whitted, 2
 
 Hawks. 613.
 
 Spruill
 
 v.
 
 Moore,
 
 5 Ired. Eq. 284.
 

 Per Curiam. Decree affirmed with costs.